FILED

**NOT FOR PUBLICATION**

NOV 28 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONTE C. HOISINGTON, | No. 10-35917 |
| Plaintiff - Appellant, | DC No. 3:09 cv-5630 RJB |
| v. | |
| ROBIN WILLIAMS; SUSAN N. DREYFUS, Secretary, Dept. of Social and Health Services; HENRY RICHARDS; KELLY CUNNINGHAM, Superintendent, Secretary, Dept. of Social and Health Services; RONALD VAN BOENING, Superintendent, McNeil Island Correction Center, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted October 10, 2012
Seattle, Washington

Before:     TASHIMA, M. SMITH, and CHRISTEN, Circuit Judges.

---

\*          This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Monte Hoisington, a sex offender and civil detainee at Washington State's Special Commitment Center ("SCC"), appeals the entry of summary judgment in favor of current and former state officials (collectively, the "Defendants"). The district court ruled that Defendants' policies for transporting detainees – which included pre- and post-transport strip searches – did not violate Hoisington's Fourth Amendment or substantive due process rights. We remand the injunctive claim for further proceedings in light of changed circumstances, but we affirm the denial of monetary relief.

1.     Hoisington's claims turned, in part, on the fact that transportation of SCC residents was conducted by officials of the Washington State Department of Corrections ("DOC") pursuant to DOC policies that apply to prisoners. This collaboration arose, in part, because both the SCC and a DOC detention facility were located on McNeil Island off the Washington coast. Thus, Hoisington argued that he, as a civil detainee, was improperly subject to the same treatment as criminal inmates. DOC participation was also potentially relevant because SCC residents were transported on the same ferries as prisoners. Defendants contended that this mixing of SCC residents and prison inmates heightened the risk of contraband exchange.

After the district court issued its summary judgment ruling, Defendants filed a motion to supplement the record and submitted a declaration from an SCC official in support, explaining that: (1) the DOC had terminated all operations on the island; and (2) transportation of SCC residents was now performed by SCC staff pursuant to SCC policies. The district court denied the motion to supplement; nevertheless, Defendants included the new declaration as an appendix to their answering brief on appeal. Defendants' counsel also reiterated the relevance of the changed circumstances during oral argument.

We decline to take judicial notice of the facts discussed in the declaration and at oral argument. Instead, in light of these changed circumstances, we remand to the district court for further proceedings on Hoisington's request for injunctive relief. *See Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 857 n.19 (1982) (reviewing court should remand for further proceedings rather than make its own factual determination).

**2.**     But the claim for monetary relief stands on a different footing because the issue of liability for damages is determined on the facts and the law as they existed as of the time of the events recited in the complaint. Although courts have addressed analogous policies as applied to pretrial detainees, *see, e.g.*, *Florence v. Bd. of Chosen Freeholders*, 132 S. Ct. 1510 (2012), no precedent clearly

-3-

establishes the scope of a civilly-committed sex offender's Fourth Amendment and substantive due process rights in the circumstances that prevailed on McNeil Island at the time of the events alleged in the complaint. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). We conclude, therefore, that Defendants are entitled to qualified immunity on the claim for monetary damages; accordingly, we affirm the district court's grant of summary judgment to Defendants on that claim.

Each party shall bear his or its own costs on appeal.

**AFFIRMED in part, VACATED in part and REMANDED.**